## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J. CASARETTI; AND FEDERAL AIR MARSHALS, 6500-10,000 | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 15-294C |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiffs' Title 5 claims and plaintiff's claims for premium pay.  This Court lacks jurisdiction to entertain plaintiffs' claims under the Back Pay Act, 5 U.S.C. § 5596.  In addition, premium pay is not provided for under the Fair Labor Standards Act, 29 U.S.C. § 207(a) (FLSA), and, therefore, plaintiffs' claim for premium pay fails to state a claim upon which relief may be granted.

## STATEMENT OF THE ISSUES

1.   Whether the Court lacks subject-matter jurisdiction to entertain plaintiffs' claim under the Back Pay Act.

2.   Whether plaintiffs' claim for premium pay fails to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

Plaintiffs, Federal Air Marshals (FAMs), are employees of the Federal Air Marshal Service (FAM Service), which is part of the Transportation Security Administration (TSA), a Department of Homeland Security component agency, who claim that the United States has failed to pay them overtime pursuant to FLSA, as well as Law Enforcement Availability Pay (LEAP), and other

premium pay.  Compl. ¶¶ 1, 28, 43.  Plaintiffs seek back pay and liquidated damages under the

FLSA.  Alternatively, plaintiffs seek interest, attorney's fees and expenses pursuant to the Back Pay

Act.

Plaintiffs, however, are statutorily precluded by TSA's independent personnel management

authority, set forth at 49 U.S.C. § 40122(g) and § 114(n)(1), from recovering interest, attorney's

fees, and expenses under the Back Pay Act.  Furthermore, the FLSA does not require or regulate the

payment of premium pay.  Accordingly, this Court should dismiss plaintiffs' Back Pay Act claim for

lack of subject matter jurisdiction and plaintiffs' claim for premium pay for failure to state a claim.

## FACTUAL BACKGROUND

Plaintiffs are law enforcement officers at TSA who fly aboard aircraft to detect, deter and defeat

air piracy.  Prior to becoming part of TSA in 2001, the FAM Service was a component of the Federal

Aviation Administration (FAA) and was deployed to prevent hijacking of aircraft in accordance with

its authority at 49 U.S.C. § 44903.  Following the 9/11 terrorist attacks, on November 19, 2001,

Congress passed the Aviation and Transportation Security Act ("ATSA"), Public Law 107-71, 115

Stat. 597, creating the TSA.  ATSA transferred the FAM Service to the TSA from the FAA, Compl.

¶ 12, and section 105 of ATSA authorized TSA to hire, train, supervise, and deploy FAMs on

domestic and international passenger flights.

Pursuant to Section 114(n) of Title 49, United States Code,[1] as added by ATSA § 101(a),

Congress also applied the more flexible personnel system, established by the FAA under 49 U.S.C.

---

[1] 49 U.S.C. § 114(n) provides: "The personnel management system established by the
Administrator of the Federal Aviation Administration under section 40122 shall apply to
the employees of the Transportation Security Administration, or, subject to the
requirements of such section, the Under Secretary may make such modifications to the
personnel management system with respect to such employees as the Under Secretary
considers appropriate, such as adopting aspects of other personnel systems of the
Department of Transportation."

§ 40122(g), to TSA, subject to modification by the TSA Administrator only.  Congress intended that

the TSA, like the FAA, operate under a personnel management system different and distinct from

other Federal agencies.

According to the FAA personnel system, the "provisions of Title 5 shall not apply," except in

specifically enumerated circumstances.  49 U.S.C. § 40122(g)(2)[2].  Notably, chapter 55 of Title 5,

---

[2]   49 U.S.C. § 40122(g)(2) provides as follows:

§ 40122(g)(2).  (g) Personnel management system.

(1)  In general.  In consultation with the employees of the Administration
and such non-governmental experts in personnel management systems as
he may employ, and *notwithstanding the provisions of title 5 and other
Federal personnel laws*, the Administrator shall develop and implement,
not later than January 1, 1996, a personnel management system for the
Administration that addresses the unique demands on the agency's
workforce. Such a new system shall, at a minimum, provide for greater
flexibility in the hiring, training, compensation, and location of personnel.

(2)  *Applicability of title 5*. *The provisions of title 5 shall not apply* to the
new personnel management system developed and implemented pursuant
to paragraph (1), *with the exception of*—
(A) section 2302(b), relating to whistleblower protection, including the
provisions for investigation and enforcement as provided in chapter 12 of
title 5;
(B) sections 3308-3320, relating to veterans' preference;
(C) chapter 71, relating to labor-management relations;
(D) section 7204, relating to antidiscrimination;
(E) chapter 73, relating to suitability, security, and conduct;
(F) chapter 81, relating to compensation for work injury;
(G) chapters 83-85, 87, and 89, relating to retirement, unemployment
compensation, and insurance coverage; and
(H) sections 1204, 1211-1218, 1221, and 7701-7703, relating to the Merit
Systems Protection Board.
(3) Appeals to Merit Systems Protection Board. Under the new personnel
management system developed and implemented under paragraph (1), an
employee of the Administration may submit an appeal to the Merit
Systems Protection Board and may seek judicial review of any resulting
final orders or decisions of the Board from any action that was appealable
to the Board under any law, rule, or regulation as of March 31, 1996.
(4) Effective date. This subsection shall take effect on April 1, 1996. 49 U.S.C.
§ 40122(g) (emphasis added).

which includes section 5596 of the Back Pay Act, and section 5545(a) of LEAP, was excluded from the Title 5 provisions applicable to FAA or TSA.  Congress, however, amended 5 U.S.C. § 8331(3)(E), as part of ATSA, to provide retirement credit for "availability pay" for FAMs after September 11, 2001.  5 U.S.C. § 8331(3)(E)(2).

Pursuant to its pay authority under 49 U.S.C. § 40122(g)(2), on July 1, 2002, TSA implemented the FAM Pay Policy.  Under that authority, FAMs were classified as FLSA-exempt and not paid FLSA overtime compensation.  *Federal Air Marshals (FAM) 1 Et al v. United States*, 84 Fed. Cl. 585, 587 (Cl. Ct. November 20, 2008).  Although not paid overtime, each FAM who averaged two additional hours of work on regular workdays on an annual basis received premium pay in the form of 25 percent availability pay.  *Id.*

On March 27, 2006, over 1800 FAMs filed a complaint in the Court of Federal Claims seeking "back pay and other relief for violations of the FLSA."  *Id.* at 588.  After considering the parties' positions, this Court ruled that FAMs are not exempt from the overtime provisions of the FLSA, as the FLSA is not found in Title 5 (it is contained within Title 29) and  did not otherwise qualify as an "other Federal personnel law" as described in section 40122(g)(2).  Id. at 591-592.  The Court also held that 29 U.S.C. § 207(k), the partial law enforcement exception to the FLSA, applies to FAMs so that FAMs are required to work 43 hours per week before overtime compensation is mandated. Id at 592.  Significantly, the court also ruled that "availability pay already received for work performed by plaintiffs in excess of forty-three hours per week shall offset the total amount of overtime compensation owed to plaintiffs."  *Id.* at 597.

## **ARGUMENT**

I.  Standard Of Review

A.  Motion to Dismiss

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed Cir. 1989).  If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction.  *McNutt*, 298 U.S. at 189.

B.  Subject Matter Jurisdiction Pursuant to RCFC 12(b)(1)

Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of plaintiffs' claims, *Steel Cto. v. Citizens for a Better Env't.*, 523 U.S. (1998), and may be challenged at any time by the parties, by the Court *sua sponte*, or upon appeal.  *Booth v. United States*, 990 F.2d 617, 620 (Fed. Cir. 1993).  Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction.  *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  Moreover, "Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011).

A plaintiff must establish jurisdiction by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Alaska v. United States*, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "Determination of jurisdiction starts

with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).  Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. *Testan*, 424 U.S. at 397; *Aetna Casualty & Surety Co. v. United States*, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981).  Pursuant to the Tucker Act, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a).  This statute does not create any substantive right of recovery against the United States for money damages. *Testan*, 424 U.S. at 398; *Eastport Steamship Corp. v. United States*, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967).  Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists.  *Testan*, 424 U.S. at 398; *United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983) (*en banc*).  Thus, unless alleging a contract claim, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, that can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court.  *Mitchell*, 445 U.S. at 538; *Connolly*, 716 F.2d at 885.

C.  <u>Failure To State A Claim Pursuant to RCFC 12(b)(6)</u>

A motion to dismiss for "failure to state a claim upon which relief can be granted," should be granted "when the facts asserted by the claimant do not entitle him to a legal remedy," <u>*Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed.Cir.2002)</u>.  In order to state a claim sufficient to avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

*Cary v. United States*, 552 F.3d 1373, 1376 (Fed.Cir.2009). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*  Nor are allegations suggesting

a "sheer possibility" of defendant's liability or that are " 'merely consistent with' a defendant's

liability" sufficient. *Id.*  However, "[t]he issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416

U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v.*

*Fitzgerald*, 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  A claim that has been

stated adequately "may be supported by showing any set of facts consistent with the allegations in

the complaint." *Bell Atl. Corp.*, 550 U.S. at 563, 127 S.Ct. 1955.

II.  **This Court Lacks Subject Matter Jurisdiction To Entertain A Claim For Damages Under**
     **The Back Pay Act**

This Court lacks jurisdiction to award any relief under the Back Pay Act, 5 U.S.C.

§ 5596.  Plaintiffs' Back Pay Act claims should accordingly be dismissed pursuant to RCFC

12(b)(1).

Plaintiffs claim that jurisdiction is proper under the Tucker Act, 28 U.S.C. § 1491(a)(1),

29 U.S.C. §§ 207(a)(1), 216(b), and/or 28 U.S.C. § 1346(a)(2).  Compl. ¶2.  Plaintiffs also

claim, alternatively, that if liquidated damages are not awarded pursuant to FLSA, "Plaintiffs

are entitled under the Back Pay Act, 5 U.S.C. § 5596, to payment of interest from their

scheduled paydays to the date of judgment for all amounts not paid in violation of the FLSA,

to attorneys' fees and to reimbursement of expenses."  Compl. ¶ 43.

Plaintiffs' alternative claim is erroneous as a matter of law.  The Back Pay Act does not apply to TSA employees, including plaintiffs.  As we have noted, absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1383 (Fed. Cir. 1983).  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed.  *Testan*, 424 U.S. at 399; *United States v. King*, 395 U.S. 1, 4 (1969).

The Back Pay Act does not provide plaintiffs with a statutory basis for invoking the Court of Federal Claims' jurisdiction because neither Chapter 55 of Title 5, nor any one of its component statutes (including the Back Pay Act) were included as one of the enumerated provisions made applicable to the FAA or TSA under ATSA.  *Gallo v. Dep't of Transp.*, 725 F.3d 1306, 1311-1312 (Fed. Cir. 2013), quoting *Gonzalez v. Dep't of Transp.*, 551 F.3d 1372, 1375 (2009) ("The Back Pay Act falls in Title 5 and may only operate in favor of FAA employees if § 40122 grants an exception.  Although section 40122(g)(2) lists eight exceptions to the FAA's exemption from Title 5, none of these exemptions includes the Back Pay Act, under which Gonzalez seeks relief." ); *see also, Abbey, et al., v. United States*, 745 F.3d 1363, 1375 (Fed. Cir. 2014) ("In *Gonzalez*, we considered whether a controller could be awarded back pay under the Back Pay Act, 5 U.S.C. § 5596, another provision of title 5 not enumerated in section 40122(g)(2) – but . . . not incorporated by the FAA into its personnel management system.  The court held that the controller could not seek back pay under title 5, but instead had to 'comply with the agency's own personnel management system which

provides four different procedural avenues for that kind of claim.'"). Therefore, because section 5596 does not apply to TSA, there is no subject matter jurisdiction for this Court to entertain any claim under the Back Pay Act.

III.    The  Court Should Dismiss Plaintiffs' Claim For LEAP And Other Premium Pay
        Because It Constitutes A Claim Upon Which Relief Cannot Be Granted

Plaintiffs allege that TSA has wrongfully failed to pay LEAP and other premium pay, including holiday and weekend pay.  Compl. ¶ 28, 29.  In asserting such a claim, plaintiffs fail to identify "a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *Cary*, 552 F.3d at 1376.  Accordingly, plaintiffs' claim for LEAP and other premium pay should be dismissed pursuant to RCFC 12(b)(6) because it is a claim upon which relief cannot be granted.  *Lindsay*, 295 F.3d at 1257.

Plaintiffs describe the nature of their action as one "to recover overtime and other unpaid wages brought pursuant to the Fair Labor Standards Act of 1938."  Compl. ¶ 1.  However, the FLSA, which governs the payment of minimum wage and overtime, does not remedy all wage disputes, including disputes concerning premium pay.  *See Boyer v. U.S.*, 84 Fed. Cl. 751, 754 (2008) ("the FLSA does not provide compensation to employees merely for commuting in a government-owned vehicle."); *Lopez v. Tri-State Drywall, Inc.*, 861 F.Supp. 2nd 533, 536 (E.D. Pa. March 20, 2012) ("FLSA does not provide liability for unpaid non-overtime compensation for an employee who was paid at least the minimum wage, even if the employee was paid less than his hourly rate."); *Braddock, et al. v. Madison County*,  34 F.Supp. 2nd  1098, 1112 (S.D. Ind., November 30, 1998) ("The FLSA does not provide a federal remedy for any and all breaches of payment obligations under employment contracts. The core rights and obligations the FLSA creates are the minimum wage levels and entitlement to overtime pay for work above specified maximum hours set forth in 29 U.S.C.

§§ 206 and 207."); *see also Chuchuca v. Creative Customs Cabinets, Inc.*, 2014 U.S. Dist. LEXIS 164846, *32 (E.D. N.Y. November 25, 2014), citing, *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2nd Cir. 2013) ("recognizing that the FLSA does not create 'a federal remedy for all wage disputes.'").

The Department of Labor – the agency vested with FLSA's regulatory authority – has explained the limitations of FLSA's reach accordingly: "The Fair Labor Standards Act's (FLSA) basic requirements are:  Payment of the minimum wage; Overtime pay for time worked over 40 hours in a workweek; Restrictions on the employment of children; and Recordkeeping."  (http://www.dol.gov/elaws/esa/flsa/screen5.asp.).  The Department of Labor further explained that the FLSA does not provide "wage payment or collection procedures for an employee's usual or promised wages or for commissions in excess of those required by the FLSA."  http://www.dol.gov/elaws/esa/flsa/screen6asp.  As FLSA does not regulate TSA's payment of, or failure to pay, availability pay or other premium pay to plaintiffs, the facts asserted by plaintiffs do not entitle them to a legal remedy.  Thus, plaintiffs have failed to state a claim upon which relief can be granted, and their claim for LEAP and other premium pay should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Plaintiffs' Back Pay Act claims, and plaintiffs fail to state a claim upon which relief may be granted with respect to their claim for premium pay.  Accordingly, plaintiffs' Back Pay Act and premium pay claims should be dismissed pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

ROBERT E. KIRSCHMAN, JR.
Director

s/Scott D. Austin
SCOTT D. AUSTIN
Assistant Director

s/ Sonia M. Orfield

OF COUNSEL:                         Sonia M. Orfield
                                    Trial Attorney
JANESSA GRADY FLEMING               Commercial Litigation Branch
Senior Counsel, Office of Chief Counsel   Civil Division
Office of Chief Counsel             Department of Justice
Transportation Security Administration   P.O. Box 480
                                    Ben Franklin Station
                                    Washington, DC 20044
                                    Tel: (202) 353-0534
                                    Fax: (202) 305-2118

June 22, 2015                       Attorneys for Defendant