## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

J. CASARETTI; and FEDERAL AIR    )
MARSHALS 6500-10,000,    )
    )
       Plaintiffs,    )
    )    No. 15-294C
    v.    )    Judge Wolski
    )
THE UNITED STATES,    )
    )
    Defendant.    )

## DEFENDANT'S ANSWER

For its answer to the complaint, filed March 23, 2015, defendant, the United States, admits, denies, and alleges as follows:

### NATURE OF ACTION

1.    The allegations contained in the first sentence of paragraph 1 constitute plaintiffs' characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second and third sentences constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

### JURISDICTION AND VENUE

2.    The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

### FACTUAL ALLEGATIONS

3.    Admits that the Federal Air Marshal Service is a part of the Transportation Security

Administration (TSA), and that TSA is a component of the U.S. Department of Homeland Security; otherwise denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.     Denies the allegation contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5.     Denies.

6.     The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7.     Admits the allegations contained in the first sentence of paragraph 7.  Denies the allegations contained in the second sentence of paragraph 7.

8.     Admits the allegations contained in the first sentence of paragraph 8.  Denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.     Denies the allegations contained in paragraph 9 for lack of knowledge or
        information
sufficient to form a belief as to their truth.  `

10.    Admits.

11.    Admits.

12.    The allegations contained in paragraph 12 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13.    Admits.

14.    Admits.

15.    The allegations contained in paragraph 15 constitute conclusions of law to which

no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16.     The allegations contained in paragraph 16 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17.     Admits the allegations contained in paragraph 17 to the extent supported by the statutory provision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18.     Admits the allegations contained in paragraph 18 to the extent supported by the statutory provision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19.     This paragraph contains plaintiffs' characterization of the United States' legal position in a prior collective action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20.     The allegations contained in paragraph 20 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21.     The allegations contained in paragraph 21 and subparts A-E contain plaintiffs' characterization of the United States' legal position in a prior collective action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22.     The allegations contained in paragraph 22 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23.     Denies.

24.     Admits that plaintiffs on occasion are required to perform some administrative and

related duties.  The remaining allegations contained in paragraph 24 constitute conclusions of law, to which no response is required; to the extent they are deemed to be allegations of fact, they are denied.

25.    The allegations contained in paragraph 25 constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

26.    The allegations contained in paragraph 26 constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

27.    The allegations contained in paragraph 27 constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

28.    The allegations contained in paragraph 28 constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

29.    The allegations contained in paragraph 29 constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

30.    Denies the allegations contained in the first sentence of paragraph 30.  The allegations contained in the second sentence of paragraph 30 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT I**

31.    Defendant's responses to the allegations set forth in paragraphs 1-30 of the complaint are incorporated by reference.

32.    The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33.    The allegations contained in paragraph 33 constitute conclusions of law to which

no response is required; to the extent they may be deemed allegations of fact, they are denied.

34.    The allegations contained in paragraph 34 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35.    The allegations contained in paragraph 35 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36.    The allegations contained in paragraph 36 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37.    The allegations contained in paragraph 37 constitute plaintiffs' characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38.    Denies the allegations contained in paragraph 38 for lack of knowledge and information sufficient to form a belief as to their truth.

39.    The allegations contained in paragraph 39 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT II

## VIOLATION OF THE BACK PAY ACT

40.    Defendant's responses to the allegations set forth in paragraphs 1-39 of the complaint are incorporated by reference.

41.    The allegations contained in paragraph 41 constitute plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42.    The allegations contained in paragraph 42 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43.     The allegations contained in paragraph 43 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## PRAYER FOR RELIEF

Denies that plaintiff is entitled to the relief set forth in the complaint's prayers for relief, or to any relief whatsoever.  Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred, in whole or in part, by the statute of limitations set forth at 29 U.S.C. § 255(a).

2.     Plaintiffs' claims are barred, in whole or in part, by the TSA personnel management system and pay policies that govern their employment.

3.     Plaintiffs' claims are barred, in whole or in part, by 49 U.S.C. § 40122(g)(2), 29 U.S.C. § 207(k), and/or 29 C.F.R. §§ 785.16, 785.17 and 553.221.

4.     Plaintiffs are not entitled to liquidated damages because, pursuant to 29 U.S.C. § 260(a), the acts or omissions giving rise to this action were made in good faith and the United States had reasonable grounds for believing that those acts or omissions were not a violation of the Fair Labor Standards Act of 1938, as amended.

5.     Plaintiffs' claims are offset by the value of any availability pay, overtime or premium pay available pursuant to 49 U.S.C. § 40122(g)(2) and TSA pay policies that govern their employment.

Respectfully submitted,

BENJAMIN C. MIZER
Principal DeputyAssistant Attorney General


ROBERT E. KIRSCHMAN, JR.
Director


/s/ Scott D. Austin
SCOTT D. AUSTIN
Assistant Director


/s/ Sonia M. Orfield
SONIA M. ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
OF COUNSEL:                          Ben Franklin Station
                                     Washington, D.C. 20044
JANESSA GRADY FLEMING                Telephone: (202) 353-0534
Senior Counsel, Office of Chief Counsel   Facsimile: (202) 305-2118
Transportation Security Administration    Email: sonia.m.orfield@usdoj.gov

Attorneys for Defendant