# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| J. CASARETTI; and FEDERAL AIR MARSHALS 6500 TO 10000,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.:  1:15-cv-00294-VJW<br><br>Judge V. Wolski |

### JOINT RESPONSE TO THE COURT'S NOVEMBER 17, 2015 ORDER

On November 20, 2016, counsel for Plaintiff J. Casaretti, et al. (hereinafter collectively "Plaintiff") and counsel for Defendant, the United States, conferred pursuant to the Court's order.  The parties were unable to reach agreement on a proposed discovery plan.  Accordingly, the parties submit their individual positions with respect to the Court's inquiry below.

**Plaintiff's Position**

Plaintiff requests that the Court finalize consideration of the pending Motion for Class Certification and issue an order thereon independent of any requests of the United States to file interim dispositive motions.  The Motion for Class Certification has been fully briefed and argued before the court.  Contingent on the court's order, the Parties will engage in discovery aimed at clarifying the issues framed in the complaint with respect to Plaintiffs' claims.

Plaintiff asserts that any separate track for discovery framed to expedite the ability of the United States to file a dispositive motion is inappropriate and will result in an inefficient use of judicial resources.  At the November 16, 2015 oral argument on the class certification motion, counsel for the United States indicated that she believed she had sufficient information, to date unshared with Plaintiffs' counsel, to support a Motion for Summary Judgment on liability issues.  Counsel for Plaintiffs requests that the Court allow all discovery or investigation necessary in order to test the parameters of the Government's request, considering the fact that the

Government disclosed no documents or other information pertinent to its proposed dispositive motion prior to the November 16, 2015 hearing date.

Presuming that the Government intends to file a motion for summary judgment based upon its internal interpretation of the requirements of the FLSA and entitlement of Federal Air Marshals to overtime pay, pay for sleep time, pay for time spent in equipment checks and in transit to and from mission departure locations, then Plaintiffs would require a full opportunity to investigate those positions.

For example, at a minimum Plaintiff would need time to investigate and conduct discovery regarding the Government's position on its compliance with the prior case decisions and the FLSA regarding FAM pay, including, but not limited to:

1. The TSA's response to the FAM II decision and who within the Agency determined what pay criteria were implicated by the Court's Order.

2. Who within the TSA determined to create the Time and Attendance spreadsheet form which governs all FAM's time entry for payroll purposes.

3. What revisions and modifications were made to pre-existing versions of the T&A form in response to the Court's FAM II decision.

4. Who within the TSA determined that time entry as provided by an individual FAM could be modified, adjusted, or changed by supervisory Federal Air Marshals or other individuals after the data was input.

5. The TSA's interpretation and execution of statutory and regulatory requirements regarding utilization of Law Enforcement Availability Pay.

6. How the TSA allocates Law Enforcement Availability Pay with FLSA overtime pay for the purposes of paying members of its FAM force.

7. Discussions within the TSA regarding proper payroll practices for FAMs, including, but not limited to, discussions within management of TSA, Department of Homeland Security, Office of Personnel Management or other arms of the federal government.

8. The Government's position on payment of overtime to FAMS for required overnight missions and/or international missions where the FAM Mission results in working in excess of 43 hours in a given week.

9. The Government's position regarding payment of FAMs for time spent in transit to mission assignments and/or in checking and donning and doffing mandatory equipment and weaponry.

10. The Department's position with respect to resetting a 24 hour pay period and the TSA's view whether the daily clock "resets" at midnight on any Mission day.

11. The Department's position on FAM entitlement of pay for sleep time.

12. TSA's position on a FAMs' entitlement to overtime for hours worked on a required day off.

13. TSA's interpretation of the provisions of 5 U.S.C. § 5542, et seq., 29 U.S.C. § 210 et seq. (FLSA), TSA Management Directives related to FAM pay, and 29 CFR Part 785 (Hours worked).

14. Policy directives, OPM manual provisions, and communications and guidance provided by TSA to supervisory FAMs regarding proper payroll and time entry practices.

15. The work of the Time and Attendance Feedback Group.

This is a non-exhaustive list of areas of inquiry required in order for the Plaintiff to properly respond to any dispositive motion which the Government anticipates filing on the issue of FLSA violations. Plaintiffs' position is that the volume of required discovery would in essence consist of all discovery that would be contemplated during a normal discovery schedule in the case, with the exception of damage discovery related to individual members of the Consent Class.

Further, the United States identified eight witnesses in its initial disclosures, and plaintiff identified seven additional witnesses, including past Directors of the FAM Service. All of these depositions are required in order for Plaintiffs to fully assert its affirmative claims.

In its position, the Government has proposed an accelerated four month time window for any necessary investigation of the Government's proposed dispositive motion. Candidly, Plaintiff has significant concerns regarding the Government's efforts to circumvent a traditional discovery schedule in order to expedite filing of its proposed motion while allowing Plaintiff limited opportunity to test the assertions. Nevertheless, Plaintiff believes that the proposed motion is destined for denial pending the completion of fact investigation.

First, while the Government asserts that it "demonstrated at oral argument why those documents do not reflect a FLSA violation", the Government's position is belied by the facts. First, the Government's position is that LEAP is an "offset" to overtime entitlement, however the FAM II opinion clearly states that "FAM Availability Pay does not constitute FLSA overtime compensation…" (84 Fed. Cl. 585 at 596). Second, the Government has not, and cannot, explain as a matter of law how its automatic deduction of 5.5 hours from every FAM's T&A sheet results in proper payment of overtime entitlement. Indeed, the Government seeks to limit Plaintiff's investigation into these areas by objecting to investigation of the circumstances surrounding the development and use of the T&A forms. These issues at a minimum raise triable issues of fact which would preclude summary judgment in the Government's favor prior to full discovery and analysis of the Government's position.

For these reasons, Plaintiffs suggest that the Court deny the Government's request for special scheduling of any dispositive motion, and instead impose a discovery order consistent with the parties' representations and with the above.

**Defendant's Position**

The Government believes that this case is ripe for summary judgment briefing at this time and that discovery should be narrowly tailored in accordance with RCFC 56(d)'s discovery

focused on allowing a party to "present facts essential to justify its opposition" to a motion for summary judgment. RCFC 56(d); *cf. Theisen Vending Co. Inc. v. United States*, 58 Fed. Cl. 194, 197-98 (setting forth showing required to obtain discovery to defend motion for summary judgment). Mr. Casaretti is entitled to discovery related to our motion and, as the below scheduling reflects, we have allotted time for relevant discovery reasonably necessary to oppose our motion. Specifically, discovery should be limited to deposing any declarants either party uses in the course of briefing motions for summary judgment regarding the content of their declarations. Accordingly, the Government proposes the following schedule for limited discovery, its motion for summary judgment, and any possible cross-motion.

| | |
|---|---|
| Government files its MSJ | 12/18/15 |
| Deadline for Casaretti to depose Government declarants | 1/14/16 |
| Casaretti's files opposition to MSJ and any partial cross-motion | 1/28/16 |
| Deadline for Government to depose Casaretti's declarants | 2/18/16 |
| Government files its reply | 3/10/16 |
| Casaretti files reply in support of any cross-motion | 3/24/16 |

In response to the Court's order asking the parties "to determine if they can agree on a proposed schedule for limited discovery concerning class certification or the issues to be raised in the dispositive motions contemplated by the government," Mr. Casaretti has requested exceedingly broad discovery. He explains that he seeks "all discovery that would be contemplated during a normal discovery schedule in the case, with the exception of damage discovery related to individual members of the Consent class." He further indicates that he will seek discovery on a long list of topics, and he indicates that he will require 15 depositions.

It is inefficient and unreasonable to proceed with the extensive discovery Mr. Casaretti seeks at this time.  As an initial matter, Mr. Casaretti has already moved for class certification.  Accordingly, he is not seeking preliminary discovery essential to being able to move for certification, and discovery as though a class has already been certified is premature.

In addition, Mr. Casaretti has only moved for certification of a class action with respect to two issues – a claim that the Federal Air Marshals are not receiving overtime required by the Fair Labor Standards Act because 5.5 hours is being deducted from their timesheets, and a claim that they are not receiving sleep time.  Nonetheless, Mr. Casaretti asks for discovery on a laundry list of unrelated topics, including his topics 8-10 and 12.  Accordingly, even if the Court were to certify the class, Mr. Casaretti should not be permitted to take discovery on other issues with respect to which he has not demonstrated that the Federal Air Marshals meet the standard for certification. Such discovery would run afoul of RCFC 26(b)(1) which, after amendment in 2000, is "intended for the parties and the court to focus on the actual claims and defenses involved in the action," without a showing that good cause warrants delving broadly into the subject matter "whereas previously parties were entitled to discovery of any information that was not privileged so long as it was relevant to the subject matter involved in the pending action" *Estate of Rubinstein v. United States*, 96 Fed. Cl. 640, 646 n.4 (2011).

After Mr. Casaretti explained the basis for his overtime claim in his reply brief and his declaration with an attached time sheet and statement of earnings and leave, the Government demonstrated at oral argument why those documents do not reflect a FLSA violation.  Based upon this showing, it would be reasonable to conserve the resources of the parties and the Court by permitting the Government to move for summary judgment prior to authorizing significant discovery.

Moreover, in its opposition to Mr. Casaretti's motion, the Government explained that the regulations do not authorize sleep time simply for the typical overnight stay experienced by the Air Marshals. Rather sleep time is generally authorized only in specific circumstances not present here, such as circumstances where it is expected that an employee will need to work intermittently during the time they are sleeping, such as a telephone operator, or where an employee is required to sleep at the workplace and be available for work, such as a firefighter. Mr. Casaretti did not articulate in response any reason to believe that sleep time is available to the Federal Air Marshals.

Finally, Mr. Casaretti also seeks discovery on a number of issues which are not relevant to his claim, or any potential claim. For instance, he seeks to delve into the creation and use of the agency's timesheet. *See* items 2-5. But Mr. Casaretti has not pointed to any cause of action relating to the design and use of timesheets. His articulated concern is whether he has been paid properly under the FLSA and the discovery he seeks with regard to the timesheets doesn't bear on that issue. This even more clearly exceeds the scope of proper discovery under RCFC 26(b)(1). *See Rubenstein*, 96 Fed. Cl. at 646 n.4.

        Respectfully submitted,

        MORRIS POLICH & PURDY LLP

        /s/ NICHOLAS M. WIECZOREK
        500 South Rancho Drive, Suite 17
        Las Vegas, Nevada  89106
        Telephone:    (702) 862-8300
        Facsimile:    (702) 862-8400
        Email:        NWieczorek@mpplaw.com

        Attorney for Plaintiffs

[*Electronic Signatures Continued Next Page*]

|  |  |
|---|---|
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | /s/ Scott D. Austin<br>SCOTT D. AUSTIN<br>Assistant Director |
| OF COUNSEL:<br><br>JANESSA GRADY FLEMING<br>Senior Counsel, Office of Chief Counsel<br>Transportation Security Administration | /s/ Sonia M. Orfield<br>SONIA M. ORFIELD<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-0534<br>Facsimile: (202) 305-2118<br>Email: sonia.m.orfield@usdoj.gov<br><br>Attorneys for Defendant |

Date:  November 23, 2015