# In the United States Court of Federal Claims

No. 15-294C
(Filed February 16, 2017)

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
J. CASARETTI, et al.,             *     FLSA collective action, 29 U.S.C.
                                  *     § 216(b); Federal Air Marshals;
              Plaintiffs,         *     Transportation Security Admin.;
                                  *     49 U.S.C. § 40122(g)(2); Back Pay
         v.                       *     Act, 5 U.S.C. § 5596; RCFC 12(b)(1),
                                  *     12(b)(6); overtime pay; prejudgment
THE UNITED STATES,                *     interest not available.
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * *
```

*Nicholas M. Wieczorek*, Morris Polich & Purdy LLP, Las Vegas, Nevada, for plaintiffs.

*Sonia M. Orfield*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Scott Austin*, Assistant Director, all of Washington, D.C., for defendant.  *Janessa Grady Fleming*, Senior Counsel, Transportation Security Administration, Washington, D.C., of counsel.

## ORDER

WOLSKI, Judge.

Named plaintiff J. Casaretti brought this case as a collective action claiming overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on behalf of himself and several thousand Federal Air Marshals (FAMs).[1]  The complaint also included claims brought under the Back Pay Act, 5 U.S.C. § 5596,

---

[1] To date, consent forms have been filed for an additional 3453 FAMs.  *See* ECF No. 53 (Dec. 7, 2016).

and sought non-overtime compensation and pre-judgment interest.  Compl. ¶¶ 1, 23, 28–29, 32, 40–43 & Prayer for Relief ¶¶ F–H, J, M.

The government filed a motion for the partial dismissal of this case under Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims (RCFC).  *See* Def.'s Partial Mot. Dismiss (Def.'s Mot.) at 1.  The government contends that any Back Pay Act claims, including the request for prejudgment interest, are not within this court's subject-matter jurisdiction because that portion of title 5 does not apply to employees of the Transportation Security Administration (TSA).  *Id.* at 2–4, 7–9 (discussing 49 U.S.C. §§ 114(n), 40122(g)(2)).[2]  Defendant also maintains that, to the extent the complaint may be construed as seeking to recover compensation for anything other than overtime pay, it fails to state a claim upon which relief can be granted.  Def.'s Mot. at 9–10.  After plaintiffs clarified that they were seeking prejudgment interest under the FLSA, Resp. of Pls. to Def.'s Mot. (Pls.' Resp.) at 3–4, the government argued that the FLSA did not provide plaintiffs with a claim for such relief.  Def.'s Reply at 3–4 (citing, *inter alia*, *Library of Congress v. Shaw,* 478 U.S. 310 (1986); *Doyle v. United States*, 931 F.2d 1546 (Fed. Cir. 1991)).

The government's motion was prompted by some confusing language in the complaint, which began with the statement that plaintiffs sought "to recover overtime *and other unpaid wages*" under the FLSA.  Compl. ¶ 1 (emphasis added).  The complaint recognizes that previous litigation established that a FAM's regular workweek consists of forty-three, not forty hours, *id.* ¶ 22 (citing *Fed. Air Marshals (FAM) FAM 1 v. United States (FAM1),* 84 Fed. Cl. 585 (2008)), and thus overtime pay is not owed until hours worked in a week exceed forty-three.  But plaintiffs allege that they have not been paid for working more than *forty* hours, *id.* ¶¶ 23, 25; allege that their failure to receive proper compensation "for regular time" violates the FLSA, *id.* ¶ 32; and seek relief under the FLSA associated with hours worked above forty, *id.* Prayer for Relief ¶¶ F–G.  Plaintiffs also allege that the FAMs were not fully compensated at premium rates for hours worked on holidays, Saturdays, and Sundays, and did not receive appropriate Law Enforcement Availability Pay (LEAP) compensation.  Compl. ¶ 28.[3]

Plaintiffs' opposition paper confuses matters further, as instead of limiting their claims to overtime pay, they repeatedly invoke such formulations as "all hours

---

[2] Plaintiffs concede that the Back Pay Act count should be dismissed.  Resp. of Pls. to Def.'s Mot. (Pls.' Resp.) at 3.  Thus, the government's motion to dismiss plaintiffs' claims under the Back Pay Act is **GRANTED**.

[3] This availability pay boosts wages by 25 percent for the year when a FAM averages at least ten hours of work per work day, and was found to be an offset to overtime pay owed.  *FAM1*, 84 Fed. Cl. at 596–97.

worked, including overtime," Pls.' Resp. at 2, and seem to contend that "unpaid wages for on-duty work" violates the FLSA, *id.* at 5. They also concede that overtime pay is not owed unless they work more than forty-three hours in a week, *id.* at 6, and deny that they are bringing "gap-time" claims for pay associated with non-overtime hours worked when the minimum wage per hour worked was nonetheless received, *id.* at 9 (discussing *Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012)). But they also maintain that they "seek to vindicate a key policy goal of the FLSA," which they identify as "compensating employees for hours worked." *Id.* at 6.

Whether or not the FLSA can be said to have such a goal, *see* 29 U.S.C. § 202(b) (Congressional declaration of policy), this does not mean that the act must apply whenever that goal is invoked. By its very terms, the FLSA imposes liability in only three circumstances: when employers fail to pay a minimum wage; when less than the specified amount of overtime pay is received; and when employers retaliate against employees due to certain activities. *See* 29 U.S.C. §§ 206–07, 215(a)(3), 216(b). The only substantive provision upon which plaintiffs base jurisdiction is the overtime provision of the FLSA. *See* Compl. ¶ 2 (citing 29 U.S.C. § 207(a)(1)). Due to the application of the law enforcement exemption in 29 U.S.C. § 207(k), *see FAM 1,* 84 Fed. Cl. at 592–94, this is limited to claims that FAMs were paid "less than one and one-half times the regular rate" for hours worked in excess of forty-three in a workweek, 29 U.S.C. § 207(a)(1).

Thus, to the extent plaintiffs might be claiming pay for hours worked that were not in excess of forty-three in a given week, no relief can be granted under the FLSA and such claims must be dismissed from this case. As a practical matter, this merely requires construing the claim of entitlement to "back pay" under the FLSA as limited to compensation for overtime hours, Compl. ¶ 36; and in the Prayer for Relief, limiting the awards requested in paragraphs F and G to compensation and damages for hours worked in excess of forty-three in a workweek, and disregarding the request for "other compensation" in paragraph H.

Hours worked for which premium pay should have been paid but was not are, of course, still relevant to claims for overtime pay in at least two different ways. First, the inclusion of such unpaid hours in a workweek could push the total worked above forty-three, entitling plaintiffs to overtime compensation to the extent that threshold is surpassed. And second, when the premium pay remuneration which should have been paid for such hours worked is included in the calculation of a FAM's regular rate of pay, *see* 29 U.S.C. § 207(e), the regular rate could increase --- thereby increasing the overtime pay owed under the "one and one-half times the regular rate" formula, *id.* § 207(a)(1). In addition, the failure of a FAM to receive availability pay could also affect overtime compensation owed to the FAM, if the unpaid portion of availability pay was nevertheless offset against overtime payments. *See FAM 1*, 84 Fed. Cl. at 596–97. For these reasons, the specific allegations concerning hours unpaid may properly remain in this case.

Turning now to the issue of interest, plaintiffs argue that prejudgment interest is awardable for the unpaid compensation portion of their claims. Because plaintiffs advanced a legal theory during oral argument that was not raised in their opposition paper, and relied upon authorities they had not previously cited, this topic became the subject of supplemental briefing. Although the Federal Circuit has held that "[t]he FLSA does not waive immunity for suits against the Government for interest," *Doyle v. United States*, 931 F.2d 1546, 1551 (Fed. Cir. 1991), plaintiffs maintain that interest is available in an action brought under the FLSA, courtesy of the interest provision contained in the Back Pay Act, 5 U.S.C. § 5596(b)(2). *See* Pls.' Sur-reply in Supp. Resp. to Def.'s Mot. at 2–5.

Plaintiffs cite one case from our court, and five cases from four other Circuits, for the proposition that the Back Pay Act waiver of sovereign immunity from interest liability may be used to award interest under other federal statutes, including the FLSA. *Id.* (citing *Astor v. United States*, 79 Fed. Cl. 303, 319–20 (2007); *Adam v. Norton,* 636 F.3d 1190, 1192–94, 1196 (9th Cir. 2011); *Social Security Admin. v. FLRA*, 201 F.3d 465, 468 (D.C. Cir. 2000); *Woolf v. Bowles*, 57 F.3d 407, 410–11 (4th Cir. 1995); *Edwards v. Lujan*, 40 F.3d 1152, 1154 (10th Cir. 1994); *Brown v. Sec'y of the Army*, 918 F.2d 214, 216–17 (D.C. Cir. 1990)). The government argues to the contrary, relying on *Doyle*, *see* Def.'s Sur Sur Reply in Supp. Def.'s Mot. at 2–3 (citing *Doyle*, 931 F.2d at 1550–51), the exclusion of TSA employees from the ambit of the Back Pay Act, *id.* at 3–4 (citing 49 U.S.C. § 40122(g)(2)), a different decision from our court, *id.* at 7–8 (citing *Angelo v. United States*, 57 Fed. Cl. 100, 111 (2003)), and a decision from yet another Circuit, *id.* at 6–7 (citing *Arneson v. Callahan*, 128 F.3d 1243, 1246–47 (8th Cir. 1997)).

The various precedents cited by the parties trace back to the Supreme Court decision in *Loeffler v. Frank*, 486 U.S. 549 (1988), which concluded that the broad waiver of immunity in the sue-and-be-sued clause applying to U.S. Postal Service operations "cast off the Service's 'cloak of sovereignty' and [gave] it the 'status of a private commercial enterprise,'" exposing it to the same liability for interest payments that would apply to private parties, *id.* at 556 (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 317 n.5 (1986)). Plaintiffs' case presents the exact opposite circumstance, as they contend that a statute which does not apply to them at all somehow accomplished this waiver of sovereign immunity. Yet even the opinions they rely on reflect no more than the principle that "prejudgment interest is available if a case falls within the coverage of the Back Pay Act." *Edwards*, 40 F.3d at 1154; *see also Astor*, 79 Fed. Cl. at 319 (explaining that '[t]he circumstances of this case fall squarely within the [Back Pay Act's] provisions"); *Adam*, 636 F.3d at 1192–93 (applying waiver where claim comes within the "clear terms" of the Back Pay Act); *FLRA*, 201 F.3d at 468 (explaining that waiver "is effective only as to awards that come within the scope of the" Back Pay Act); *Woolf*, 57 F.3d at 410 (explaining that "interest is allowed only on 'an amount payable under paragraph (1)(A)(i)' of the [Back Pay] Act" (quoting 5 U.S.C. § 5596(b)(2)(A)); *Brown*, 918 F.2d

- 5 -

at 218 (explaining that Back Pay Act requirements "must be satisfied" for waiver to apply).

As Congress has expressly provided that the Back Pay Act does not apply to the claims of TSA employees, which include the FAMs, *see* 49 U.S.C. §§ 114(n), 40122(g)(2), the Court concludes that provisions of that act cannot waive sovereign immunity with respect to any claims of those employees. As a consequence, the relief of prejudgment interest cannot be granted in connection with the FLSA claims of plaintiffs, and must be dismissed from this case. Paragraphs J and M from the Prayer for Relief will accordingly be disregarded.

For the foregoing reasons, defendant's motion for the partial dismissal of claims in this case is **GRANTED**.

**IT IS SO ORDERED.**

                                       s/ Victor J. Wolski
                                       **VICTOR J. WOLSKI**
                                       Judge