# In the United States Court of Federal Claims

No. 15-294C
(Filed July 26, 2023)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
J. CASARETTI, et al.,            *
                                 *
                Plaintiffs,      *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

    Two statements noting deaths have been filed, informing the Court that plaintiffs David Edwards and Kenneth Michael Marquis, respectively, are deceased. ECF Nos. 177, 179.  Pursuant to Rule 25(a)(1) of the Rules of the United States Court of Federal Claims (RCFC), two motions to substitute a party have been filed, one for each decedent.  ECF Nos. 178, 180.  This case seeks damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201–16, and "decedents' causes of action under . . . the FLSA . . . survive to the representatives of their estates." *Acebal v. United States*, 60 Fed. Cl. 551, 557 (2004).  The government did not file a paper opposing either motion before the filing deadline, and that reason alone suffices for the granting of the motions.

    During the status conference held on July 24, 2023, defendant nevertheless raised concerns about the timing of the two motions, noting that a motion to substitute a party in place of Mr. Marquis had initially been filed in April of 2021, *see* ECF No. 130, before being withdrawn two months later, *see* Order (June 29, 2021), ECF No. 138 at 2; and that Mr. Edwards had died prior to the class action opt-in period.  But Mr. Edwards had joined the lawsuit on August 7, 2015---ten months before his death---when his written consent pursuant to 29 U.S.C. § 216(b) was filed with Ninth Notice of Filing Consents, ECF No. 22 at 5; *see also* ECF No. 22-1 at 49 (written consent of Mr. Edwards).

- 2 -

As for the timeliness of the motions, under RCFC 25(a)(1), the ninety-day period for filing a substitution motion is triggered upon service of a statement noting death upon "a successor or representative of the deceased party." RCFC 25(a)(3); *see Christner v. Sec'y of Health and Hum. Servs.*, 145 Fed. Cl. 633, 635 (2019) (discussing earlier version of the rule and its history). The initial statement noting deaths, including those of Messrs. Edwards and Marquis, was filed on January 25, 2021, but was not served on successors or representatives. *See* ECF No. 123. Moreover, service upon Tammy Marquis, Mr. Marquis's successor in interest, could not have been made at that time, as the order admitting the will of Mr. Marquis would not issue until September 14, 2021. *See* ECF No. 180 at 2 & Ex. B. The more recent statements noting the deaths of Messrs. Edwards and Marquis were served upon successors and representatives on June 23, 2023, *see* ECF No. 177 at 2; ECF No. 179 at 2. The motions to substitute a party were filed that same day, *see* ECF Nos. 178 & 180, and are thus timely under RCFC 25(a).

Moreover, both motions appear to contain the requisite documentation identifying the proper parties for substitution. Accordingly, the motion to substitute decedent David Edwards with Tanja Edwards, Personal Representative of the Estate of David Edwards, ECF No. 178; and the motion to substitute decedent Kenneth Michael Marquis with Tammy Marquis, Successor in Interest and Distributee of the Estate of Kenneth Michael Marquis, ECF No. 180, are both **GRANTED**.

**IT IS SO ORDERED.**

                                                s/ Victor J. Wolski
                                                **VICTOR J. WOLSKI**
                                                Senior Judge